UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:  
Reynaldo Marchan  
Debtor

BK No. 17-10142  
Chapter 13  
Honorable Jack B. Schmetterer

## FINDINGS OF FACT AND CONCULSIONS OF LAW

**A. The Parties**

a. The Debtor is Reynaldo Marchan ("Debtor").

b. The Creditors are United Guaranty Residential Insurance Company of North Carolina ("United") and Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF12 ("Nationstar").

**B. Factual Background**

a. On March 31, 2017, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

b. The Debtor owns the residence commonly known as 1106 23rd Ave., Melrose Park, Illinois, 60160 ("real estate").

c. On May 22, 2017, Nationstar filed a proof of claim indicating that it has an interest in the real estate as a result of a first mortgage lien in the amount of $451,651.41.

d. On May 14, 2017, United filed an amended proof of claim indicating that it has an interest in the real estate as a result of a second mortgage lien in the amount of $172,720.66.

e. At the time of the filing of the instant Chapter 13 proceeding, the fair market of the real estate was $305,000.00.

f. The Modified Chapter 13 Plan filed on August 31, 2017 provides that the Debtor will make monthly payments to the Chapter 13 Trustee in the amount of $662.00 per month for 36 months.

g. Under the plan, general unsecured creditors will be paid 10% of their allowed claims.

h. On May 30, 2017, the Debtor filed a motion pursuant to 11 U.S.C. 506(a) and Bankruptcy Rule 3012 to Determine the Value of 1106 23rd Ave., Melrose Park, Illinois, 60160 and Avoid the Lien of United Guaranty Residential Insurance Company of North Carolina ("Notice and Motion").

i. On May 30, 2017 the Notice and Motion were served upon United in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure via FedEx, to Bergstrom Law, Ltd. attorneys for United Guaranty Residential Insurance Company of North Carolina, at 9555 S. Eastern Ave., Suite 200, Las Vegas, NV 89123.

j. To date, no responsive pleadings have been filed.

k. No evidence has been presented to challenge the validity of the secured claim that holds priority over United's second mortgage lien.

l. No evidence has been presented to challenge the property value of $305,000.00.

m. The first secured claim of Nationstar in the amount of $451,651.41 exhausts the value and equity in the Debtor's residence.

n. There is no value and equity to support United's claim.

## CONCLUSIONS OF LAW

### A. Jurisdiction

a. This contested matter is a core proceeding pursuant to 28 U.S.C §157(b)(2)(k).

b. Jurisdiction lies before this court through 28 U.S.C §§ 157(a) and 1334(b).

    c. Venue is properly placed in this district through 28 U.S.C §1409.

B. **Argument**

    a. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

    b. The amount of the first lien on the property located at 1106 23rd Ave., Melrose Park, Illinois, 60160 is $451,651.41 and the amount of the second lien is $172,720.66.

    c. The value of the Debtor's residence is $305,000.00.

    d. To the extent that a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void . . ." 11 U.S.C. § 506(d). If a Debtor's Chapter 13 case is dismissed, then any lien voided under § 506(d) is reinstated. 11 U.S.C. § 349(b)(1)(C). Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. § 506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C § 1322(b)(2) as implied by *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993). *See Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2nd Cir. 2001); *McDonald v. Master Fin., Inc. (In re McDonald)*, 280 F.3d 663 (6th Cir. 2002); *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); and *In re Tanner*, 217 F. 3d 1357 (11th Cir. 2000).

Dated: 9/6/17

Enter: SEP - 6 2017

Judge: Jack B. Schmetterer

Consumer Law Group, LLC
Debtor's Counsel
6232 N. Pulaski Rd., Suite 200
Chicago IL 60646
(312) 878-1302